CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

November 03, 2025

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
            DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| SCOTTY SAYLOR, | ) | |
| Plaintiff, | ) | Civil Action Nos. 7:25-cv-00724 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| SOUTHWEST VA REGIONAL JAIL | ) | Chief United States District Judge |
| AUTHORITY (DUFFIELD), *et al.*, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Scotty Saylor, a Virginia inmate proceeding *pro se*, has filed this civil rights action pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.) This matter is before the court for review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the court concludes that Saylor has failed to state a claim for which relief can be granted, and his claims must be dismissed.

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." A complaint is subject to dismissal if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915A(b)(1), (2); *see also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted)

Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Applying these

standards to Saylor's complaint, the court concludes that it does not state any actionable claims under federal law. Thus, it must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Saylor alleges that he is currently detained at the Southwest Regional Jail in Duffield, Virginia. He has sued the Southwest Regional Jail Authority (Duffield) and the Virginia Department of Corrections. His allegations describe an incident where he was struck in the face by Cindy Carter, the head cook, while in the serving line for lunch. (Compl. 2–3.) In an additional filing, Saylor notes that he filed a grievance and was told by a jail captain that there would be no further investigation. (Dkt. No. 4.)

Saylor cannot sue a local jail, and to the extent that plaintiff is intending to sue the Southwest Virginia Regional Jail Authority, plaintiff has not cited any policy statement, ordinance, regulation, or official decision that resulted in the alleged violations. *See Greer v. Herron*, Civil Action No. 7:23-cv-00793, 2024 WL 923203, at *1 (W.D. Va. Mar. 4, 2024) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 558 (1978)). The only other named defendant is the Virginia Department of Corrections, but the department of corrections is entitled to sovereign immunity against Saylor's § 1983 claims as an arm of Virginia. *See Johnson v. McCowan*, 549 F. Supp. 3d 469, 475 (W.D. Va. 2021) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)). There being no other defendants in this action, Saylor has not stated any actionable claims for relief.

Based on the foregoing, the court will issue an appropriate order dismissing this action for failure to state a claim.

Entered: November 3, 2025.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge